UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOANNE MILLER-DIXON,** | Civ. No. 18-13394 (KM) |
| **Plaintiff,** | |
| v. | **ORDER** |
| **FANNIE MAE,**<br>**AGENT DENNIS SEECHARAN, and**<br>**A and K CONSTRUCTION,** | |
| **Defendants.** | |

The plaintiff, Ms. Miller-Dixon, has submitted a *pro se* complaint. In a separate order, I granted *in forma pauperis* status and permitted it to be filed without the payment of a filing fee. Now before the court is an emergent application to enjoin a state court proceeding scheduled for tomorrow, April 2, 2019.

The complaint, filed on August 29, 2018, alleges as follows. (DE 1) The plaintiff, Ms. Miller-Dixon, is a tenant in a building at 43 Hedden Terrace, Newark, New Jersey. In January 2018 the premises were sold without notice to her.

She would have wished to submit an offer to purchase the property. The new landlord allegedly has failed to supply proper services. On August 21, 2018, she was summoned to Landlord-Tenant court, but apparently nothing occurred because the plaintiff (in that action) did not appear. Ms. Miller-Dixon did not accept "cash for keys" and the landlord removed the locks.[1]

---

[1] Some background is supplied by the defendant Fannie Mae's motion to dismiss the complaint for lack of jurisdiction and failure to state a claim. (DE 11-2) Fannie Mae was the successful bidder at a foreclosure sale for the property. A complaint in eviction for nonpayment of rent was filed against Ms. Miller-Dixon in November 2017.

Ms. Miller-Dixon wants the money she has paid in rent refunded and put toward improvements to the house. She wants all liens removed from the house, and she wants an order permitting her to purchase the house for $150,000.

The complaint was accompanied by a note stating that Ms. Miller-Dixon was "requesting a TRO." On August 30, 2018, I denied that application without prejudice on the following grounds:

> There is no affidavit. There is no statement of reasons why relief is sought ex parte, without notice to any of the defendants. The relief sought is primarily money damages, although the plaintiff also wants all liens on the property removed and an "order to purchase house for $150,000." The complaint appears to relate to a dispute that has been ongoing since January 2018. There is no sufficient showing of likelihood of success, in that the complaint does not identify any particular federal-law claim over which this court would have jurisdiction. In short, there is no sufficient showing on the merits or of immediate harm that would compel entry of a temporary restraining order.

(DE 3)

There were problems with service, and some mail to the plaintiff has been returned as undeliverable. Defendant Fannie Mae, however, filed a motion to dismiss the complaint for lack of jurisdiction on January 17, 2019. (DE 11) There has been no response.

Today Ms. Miller-Dixon filed a motion for a temporary restraining order to halt a "hearing before Judge Stephen L. Petrillo, J.S.C. on 4/2/2019" (*i.e.*, tomorrow). No further facts are given.

Attached to the motion are the following:

1) An order of disposition, adjourned until 4/2/2019, directed against Ibn Miller, a fellow tenant, in Landlord-Tenant Court, signed by Judge Petrillo.

---

(DE 11-2 at 3) While that action was pending, Fannie Mae sold the property to a third party.

(ESX LT-3586-19).

2) A copy of the docket sheet in this federal action
3) A receipt for payment of a water bill in the amount of $300, dated 3/21/2019.
4) An Outside Lien Redemption Statement for the property, showing tax liens and a total redemption amount of $8778.22
5) A mortgage on the property, with A&K Jersey Construction as mortgagor and Indus American Bank as mortgagee
6) An internet real estate listing of the property dating from 2015
7) An assignment of leases and rents from A&K Jersey Construction to American Bank, relating to a property in North Bergen, NJ
8) Recorded Quitclaim deed from FNMA to A&K Jersey Construction executed April 25, 2018, with Seller's Residency Certification/Exemption

**DISCUSSION**

An injunction *pendente lite* requires that a plaintiff demonstrate that (1) she is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest. *See Maldonado v. Houston*, 157 F.3d 179, 184 (3d Cir. 1988) (preliminary injunction); *Ballas v. Tedesco*, 41 F. Supp. 2d 531, 537 (D.N.J. 1999) (same factors apply to a temporary restraining order).

This request for a temporary injunction suffers many of the same defects I identified when I denied the last one: There is no affidavit. There is no statement of reasons why relief is sought ex parte, without notice to any of the defendants. There is no reason given why the court would enjoin a hearing in landlord-tenant court, when any defenses to that proceeding may readily be asserted there. The federal court is not an alternative forum where rulings in ongoing state court cases may be contested; in the ordinary course, erroneous state-court rulings must be corrected on appeal.

There is no sufficient showing of likelihood of success. The complaint does not identify any particular federal-law claim over which this court would

have jurisdiction. *See* 28 U.S.C. § 1331. It does not allege that the court would have jurisdiction because the parties are of diverse citizenship, and there appear to be New Jersey citizens on both sides. *See* 28 U.S.C. § 1332.

No recognizable claim is stated, or at least not any claim that a federal court may here. The plaintiff is a tenant in a building that was subjected to foreclosure proceedings and sold, first to the mortgagee, and then to a third party. The plaintiff seeks removal of liens (which do not seem to have not been paid). She wishes to purchase the property for $150,000 (although someone else has apparently already purchased it for a higher price). She points to no contract or legal right of first refusal that would entitle her to purchase the house. She complains of lack of services (presumably as a defense to nonpayment of rent). Even if these were claims, however, they could only be state-law claims, not federal ones.

## ORDER

Therefore, IT IS this 1st day of April, 2019

ORDERED that the plaintiff's motion for a temporary restraining order, filed today but not yet on the docket, is **DENIED**.

Kevin McNulty
United States District Judge