UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOANNE MILLER-DIXON,<br><br>                     **Plaintiff,**<br><br>v.<br><br>FANNIE MAE, ANTHONELLA, DENNIS SEECHARAN, AAA COMMUNITY REALTY, and A & K JERSEY CONSTRUCTION OF NJ LLC,<br>                     **Defendants.** | Civ. No. 18-13394 (KM)<br><br>**OPINION** |

The plaintiff, Ms. Miller-Dixon, has submitted a *pro se* complaint. In a separate order, I granted *in forma pauperis* status and permitted it to be filed without the payment of a filing fee.

The complaint, filed on August 29, 2018, alleges as follows. (DE 1) The plaintiff, Ms. Miller-Dixon, is a tenant in a building at 43 Hedden Terrace, Newark, New Jersey. In January 2018 the owner sold the premises without "inform[ing Ms. Miller-Dixon] about the auction."

She would have wished to submit an offer to purchase the property. The new landlord allegedly has failed to supply proper services. On August 21, 2018, she was summoned to Landlord-Tenant court, but apparently nothing occurred because the plaintiff (in that action) did not appear. Ms. Miller-Dixon did not accept "cash for keys" and the landlord removed the locks.[1]

Ms. Miller-Dixon wants the money she has paid in rent refunded and put

---

[1] Some background is supplied by the defendant Fannie Mae's motion to dismiss the complaint for lack of jurisdiction and failure to state a claim. (DE 11-2) Fannie Mae was the successful bidder at a foreclosure sale for the property. A complaint in eviction for nonpayment of rent was filed against Ms. Miller-Dixon in November 2017. (DE 11-2 at 3) While that action was pending, Fannie Mae sold the property to a third party.

1

toward improvements to the house. She wants all liens removed from the house, and she wants an order permitting her to purchase the house for $150,000.

The complaint was accompanied by a note stating that Ms. Miller-Dixon was "requesting a TRO." On August 30, 2018, I denied that application without prejudice on the following grounds:

> There is no affidavit. There is no statement of reasons why relief is sought ex parte, without notice to any of the defendants. The relief sought is primarily money damages, although the plaintiff also wants all liens on the property removed and an "order to purchase house for $150,000." The complaint appears to relate to a dispute that has been ongoing since January 2018. There is no sufficient showing of likelihood of success, in that the complaint does not identify any particular federal-law claim over which this court would have jurisdiction. In short, there is no sufficient showing on the merits or of immediate harm that would compel entry of a temporary restraining order.

(DE 3)

Defendant Fannie Mae filed a motion to dismiss the complaint for lack of jurisdiction on January 17, 2019. (DE 11) There has been no response.

On April 2, 2019, Ms. Miller-Dixon filed a motion for a temporary restraining order to halt a "hearing before Judge Stephen L. Petrillo, J.S.C. on 4/2/2019." (DE 17) That motion was denied. (DE 18) I note, however, the following attachments to the motion, which fill in some of the background:

1) An order of disposition, adjourned until 4/2/2019, directed against Ibn Miller, a fellow tenant, in Landlord-Tenant Court, signed by Judge Petrillo. (ESX LT-3586-19).
2) A copy of the docket sheet in this federal action
3) A receipt for payment of a water bill in the amount of $300, dated 3/21/2019.
4) An Outside Lien Redemption Statement for the property, showing tax liens and a total redemption amount of $8778.22

2

5) A mortgage on the property, with A&K Jersey Construction as mortgagor and Indus American Bank as mortgagee
6) An internet real estate listing of the property dating from 2015
7) An assignment of leases and rents from A&K Jersey Construction to American Bank, relating to a property in North Bergen, NJ
8) Recorded Quitclaim deed from FNMA to A&K Jersey Construction executed April 25, 2018, with Seller's Residency Certification/Exemption

(DE 17)

### 1. The complaint does not set forth a basis for federal jurisdiction

The issue of subject matter jurisdiction is raised by the motion to dismiss under Fed. R. Civ. P. 12(b)(1) filed by one of the defendants, Fannie Mae. (DE 11) Whether or not a party raises the issue, however, the court is obligated to examine its own subject matter jurisdiction before it can proceed.[2] This federal court's subject matter jurisdiction over this action depends on its asserting either (a) a federal-law claim, see 28 U.S.C. § 1331, or (b) that the parties are citizens of different states and the amount in controversy exceeds $75,000, see 28 U.S.C. § 1332(a). Neither is even alleged here.

Title 28, United States Code, Section 1331, provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The court looks to the well-pleaded allegations of the complaint to determine whether a federal claim is alleged. See *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425 (1987) ("well-pleaded complaint" rule); *DeJoseph v. Continental Airlines, Inc.*, 18 F. Supp. 3d 595, 599 (D.N.J. 2014). "As generally interpreted, '[a] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.'" *Franchise Tax*

---

2   "[B]ecause subject matter jurisdiction is non-waivable, courts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt. See *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278, 97 S. Ct. 568 (1977). "A necessary corollary is that the court can raise sua sponte subject-matter jurisdiction concerns." *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76–77 (3d Cir. 2003).

3

*Bd. Of State of Cal. v. Contr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10–11 (1983); *accord Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127–28 (1974).

Aside from a check in the box on the cover sheet for "federal question," this complaint and all other filings on the docket cite no federal statute and do not so much as refer to any federal cause of action.[3] Federal question jurisdiction is therefore lacking.

Title 28, United States Code, Section 1332(a), provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." There must be complete diversity—*i.e.,* "no plaintiff [may] be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010); *accord Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *Strawbridge v. Curtiss*, 3 U.S. (1 Cranch) 267 (1806) (first announcing the complete diversity rule). Where those prerequisites are present, a federal court may hear the case, even if it involves only state law.

This complaint does not allege the parties' citizenship at all, and it does not allege that the plaintiff and the defendants are citizens of different states.[4] Diversity jurisdiction is therefore lacking.

### 2. The complaint does not state a cognizable claim

To remove doubt, however, and for the guidance of this *pro se* plaintiff, I find in the alternative that the complaint fails to state a claim on which relief

---

[3] A federal court does not possess jurisdiction simply by virtue of Fannie Mae's presence in the case. *See Lightfoot v. Cendant Mortgage Corp.*, 580 U.S. __, 137 S. Ct. 553 (2017).

[4] Nor do the circumstances suggest that the parties are diverse. The rental property at issue, located in Newark, appears to be the plaintiff's home. The names of defendants AAA Realty and A and K Jersey Construction of New Jersey suggest that they may be New Jersey entities, but that information is not before me. Because a jurisdictional dismissal is without prejudice, these factual matters may be clarified in any amended pleading.

4

may be granted. That issue is raised by Fannie Mae's motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6). (DE 11) Ms. Miller-Dixon has not filed a response to that motion. I will not, however, simply grant it as uncontested, but will analyze it in light of the record before me.

I am also obligated to consider on my own whether the complaint states a claim, because I granted the plaintiff's application to file her complaint *in forma pauperis*, without the payment of a fee. Where an action is filed *in forma pauperis*, the court is obligated to screen the allegations of the complaint to determine whether it

(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e).[5]

The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008). Under Federal Rule of Civil Procedure 8, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has explained that, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

---

5    [T]he provisions of § 1915(e) apply to all in forma pauperis complaints, not simply those filed by prisoners. *See, e.g., Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 n. 19 (3d Cir.2002) (non-prisoner indigent plaintiffs are "clearly within the scope of § 1915(e)(2)"). *See also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000)( § 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners).

*Atamian v. Burns*, 236 F. App'x 753, 755 (3d Cir. 2007). *See also Johnson v. Rihanna*, No. CV 18-448, 2018 WL 3244630, at *1 (W.D. Pa. June 13, 2018), *report and recommendation adopted*, No. CV 18-448, 2018 WL 3239819 (W.D. Pa. July 2, 2018).

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Pro se pleadings, as always, will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Glunk v. Noone*, 689 F. App'x 137, 139 (3d Cir. 2017). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

This complaint fails to state a claim. It cites no case, statute, or regulation on which it is based, and it identifies no cause of action.

I have nevertheless given the complaint a liberal reading, supplementing its allegations with documents attached to their motions by the parties. (I refer in particular to the documents that Ms. Miller-Dixon attached to her motion for a temporary restraining order, DE 17 at pp. 4–31.) The factual picture that emerges is as follows.

Ms. Miller-Dixon is a tenant in multi-family house containing three apartments, located at 43 Hedden Terrace, Newark, New Jersey. The owner defaulted on the mortgage; the property went into foreclosure, and the mortgagee, Fannie Mae, as is common, submitted the winning bid at the sheriff's sale.

At some point, apparently in 2015, the property was listed by a realtor, Lara Realty Corp., at a price of $300,000. (*See* DE 17 pp. 17, 24) If there is a relation between Lara Realty and defendant AAA Community Realty, it is not stated. The complaint alleges that Ms. Miller-Dixon objects to this sale and would have wished to purchase the property.

Fannie Mae sold the property to a third party, A & K Construction of New Jersey LLC, which financed the purchase *via* a mortgage from Indus American Bank. (DE 17 pp. 8–19, 26–29, 31) The purchase price was $254,231.25.

The complaint alleges that the new landlord has failed to supply proper services to the building.

When Fannie Mae was still the owner, it filed an action in landlord-tenant court to evict Ms. Miller-Dixon and a cotenant, Ibn Miller, for nonpayment of rent. (*See* DE 17 p.4; DE 11-2 p.3) Ms. Miller-Dixon alleges that on August 21, 2018, she was summoned to Landlord-Tenant court, but nothing occurred because the landlord did not appear. The complaint alleges that Ms. Miller-Dixon did not accept "cash for keys" and the landlord removed the locks. That action is apparently still pending. (*See* DE 17 p. 4.)

Ms. Miller-Dixon attaches a receipt reflecting her payment of a water bill of $300 on March 21, 2019. (DE 17 p. 6)

Ms. Miller-Dixon wants the money she has paid in rent refunded and put toward improvements to the house. There are liens on the house for unpaid taxes, in a redemption amount of $8778.22. (*See* DE 17 p. 7) She wants all liens removed from the house, and she wants an order permitting her to purchase the house for $150,000.

No federal claim appears on the face of this complaint. Landlord-tenant matters are not federal-law claims. If Ms. Miller-Dixon had a right to purchase the house, it must be because, for example, she had a contractual agreement with the owner. That is not alleged, but even if it were, it would suggest an action for breach of contract, which is a state-law matter. She states that she was not "called" about the auction of the property, but she does not allege that any required notices were not filed. The removal of liens, if appropriate, might be sought *via* an action to quiet title, but again that is a state-law matter.

I have given this pro se plaintiff's pleadings a liberal construction. Even so, this complaint does not set forth a short and plain statement of facts setting forth a cognizable civil cause of action. *See* Fed. R. Civ. P. 8(a). On this

alternative basis, then, the complaint is dismissed for failure to state a claim upon which relief may be granted.

## CONCLUSION

For the reasons stated above, based on the motion to dismiss of Fannie Mae (DE 11) being GRANTED, and upon initial screening pursuant to 28 U.S.C. § 1915(e), the complaint is DISMISSED for lack of jurisdiction and failure to state a claim. This dismissal is without prejudice to the filing, within 30 days, of an amended complaint.

An appropriate order accompanies this opinion.

*[Signature]*

**KEVIN MCNULTY**
**United States District Judge**