UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOANNE MILLER-DIXON,<br><br>                 Plaintiff,<br><br>v.<br><br>FANNIE MAE, ANTHONELLA, DENNIS SEECHARAN, AAA COMMUNITY REALTY, and A & K JERSEY CONSTRUCTION OF NJ LLC,<br>                 Defendants. | Civ. No. 18-13394 (KM)<br><br>**OPINION and ORDER** |

The plaintiff, Ms. Miller-Dixon, has submitted a second letter seeking an in-person appearance. (DE 23) I will treat it as a motion for reconsideration of my denial of her application for a temporary restraining order (DE 18) or my Opinion (DE 21) and Order (DE 22) dismissing her complaint for lack of jurisdiction and failure to state a claim, without prejudice to the filing of an amended complaint within 30 days. In her short letter, Ms. Miller-Dixon asks why her request is being denied, suggests that the Court is being unfair or biased, and asks why.

I assure the plaintiff that I am not biased against her. Ms. Miller-Dixon has a grievance against her landlord, and my three decisions in this case have never questioned her sincerity or truthfulness. She describes facts surrounding the sale of the building in which she is a tenant and she objects to her eviction in state-court landlord-tenant proceedings.

It is not a matter of appearing and persuading the court that she is right, or the landlord is wrong. Even if Ms. Miller-Dixon's allegations are correct, she is in the wrong court. This is a federal court of limited jurisdiction, which has the power to hear only certain kinds of cases (basically, claims of violation of some *federal* law, or claims between citizens of different states). Because no

1

basis for this court's jurisdiction is apparent, I have no power to proceed.

Ms. Miller-Dixon's complaint does not state any violation of federal law that this federal court has the power to hear. At best, as I stated in my earlier Opinion, her complaint might suggest some state-court claim—for example, breach of contract—or some defense to nonpayment of rent in landlord-tenant court. With some additional facts, she might be able to state a claim in state court. That, however, is for the state courts to decide.

This is not Ms. Miller-Dixon's last chance, however. In my Order and Opinion, I was careful to specify that my dismissal of this action was "without prejudice." That means that, if Ms. Miller-Dixon can state some claim of violation of *federal* (not state) law that I have the power to hear, she may file an amended complaint within 30 days.

The court's website has some guidance for plaintiffs filing complaints without an attorney. www.njd.uscourts.gov (click "Filing Without an Attorney").

## ORDER

For the reasons stated above,

IT IS this 3d day of April, 2019,

ORDERED that the plaintiff's letter application (DE 23), construed as a motion for reconsideration, is DENIED.

**KEVIN MCNULTY**
**United States District Judge**